behalf. Two of them have deposed in this case. One of them says, that the voyage was not utterly abandoned for the purpose of saving these goods, and the other in answer to that inquiry says, that he does not know. Considering the desperate condition of the property which was saved, which in all probability must have been totally lost but for the timely exertions of the salvors, and that there was some peril in rendering those services and considerable labor; and considering the value of the brig and the amount of property saved, I am satisfied with the former decree so far as related to the costs and expenses, but I think that the duties ought to be charged upon the whole property, and should not be thrown wholly upon the half belonging to the claimants. A decree will be entered accordingly.

## Case No. 7,378.

JOHNSON v. CHAPMAN et al.

[2 Cranch, C. C. 32.] [1]

Circuit Court, District of Columbia. Nov. Term, 1811.

Mr. Swann, for defendants,

But THE COURT (THRUSTON, Circuit Judge, absent) refused, saying that the case decided yesterday is not to be considered as authority; the court having since looked into the authorities cited in Lofft's Gilbert, 250.

## Case No. 7,379.

JOHNSON et al. v. CHIGAGO et al.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 7,380.

JOHNSON et al. v. The CORIOLANUS.

[Crabbe, 239.] [1]

District Court, E. D. Pennsylvania. March 11, 1839.

Mr. Grinnell, for libellants.
F. E. Brewster, for respondent.

HOPKINSON, District Judge. The libellant John Johnson shipped, at New York, at eighteen dollars a month, for a voyage commencing on the 8th November, 1837. His libel states the voyage to be from New York to Mobile, thence to Marseilles, and back to a port of discharge in the United States; and that the ship arrived at Philadelphia on the 12th February, 1839, making fifteen months and four days, for which he claims, at eighteen dollars a month, $272 25, giving certain credits to be deducted. It appears, however, by a reference to the shipping articles, that the voyage contracted for at New York was for six calendar months, and a port of discharge in the United States. It also appears, by other shipping articles, that, at Marseilles, the six months having expired, a new voyage was contracted for, from Marseilles to Cette, thence to Rio Janeiro, and thence to a port of discharge in the United States. The new contract was made on 1st May, 1838; the rate of wages of the libellant, as well as of the rest of the crew, was reduced to twelve dollars a month. Some attempt has been made to prove that coercion or duress was used, to compel the men to sign these last articles. The proof is by no

---

[1] [Reported by William H. Crabbe, Esq.]